Honorable Mary C. McQueen Administrator for the Courts P.O. Box 41170 Olympia, WA 98504-1170
Dear Ms. McQueen:
By letter previously acknowledged, you have asked for our opinion on the following question:
 Are superior court clerks and juvenile courts required by law to treat as confidential the pleadings and other records of truancy cases?
For the reasons stated in the analysis below, we answer your question in the affirmative.
 ANALYSIS
As your letter states, your question is prompted by the enactment of chapter 312, Laws of 1995, a comprehensive bill dealing with non-offender at-risk youth and their families. Sections 68 and 69 of chapter 312 revise the laws concerning truancy, and specifically direct school districts to file truancy petitions with the juvenile court on any student with more than five unexcused absences from school in a month or ten unexcused absences in a school year. As a result of this legislation, you anticipate an increase in the truancy cases in the juvenile courts, which in turn may raise questions about the confidentiality of court records in such cases.
The status of juvenile court records is not specifically addressed in chapter 312, but is the subject of a chapter of pre-existing law, chapter 13.50 RCW. RCW 13.50.050 governs the confidentiality of records relating to the commission of juvenile offenses, and RCW 13.50.100 and RCW 13.50.100 "governs records not covered by RCW 13.50.050."
At this point, we must consider whether truancy is a "juvenile offense" in order to determine which law governs confidentiality of records in truancy matters. We conclude that truancy is not a juvenile offense. Although RCW 13.50.050 does not define the term "juvenile offense," it contains several references to the closely related Juvenile Justice Act of 1977, codified as chapter 13.40
RCW. RCW 13.40.020(19) defines "offense" as
 an act designated a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state[.]
The truancy laws, in turn, apply by definition only to persons under the age of eighteen. RCW 28A.225.010(1). Since an adult can never be truant, truancy could not be a "violation or crime if committed by an adult." Furthermore, chapter 28A.225 RCW neither labels truancy a crime nor subjects truant children to criminal penalties. For violations of RCW 28A.225.010 (the compulsory attendance laws), children are subject only to an order to attend school. RCW 28A.225.090.
Thus, we conclude that the confidentiality of juvenile court records in truancy cases is governed not by RCW 13.50.050, but by RCW 13.50.100 which by its own terms governs "records not covered by RCW 13.50.050." RCW 13.50.100 generally makes records confidential and allows release "only pursuant to this section and RCW 13.50.010." Since a juvenile court is defined as a "juvenile justice or care agency," and since truancy does not relate to a "juvenile offense," we conclude that they are rendered confidential by RCW 13.50.100, and may be released only to the extent permitted by that statute.
We find nothing in the enactment of chapter 312, Laws of 1995, showing any legislative intent to change prior law on this point. Indeed, chapter 312 contains a provision that seems to assume that truancy records are confidential. Section 72 of chapter 312 is a new section added to the truancy laws (now codified as RCW28A.225.151) requiring each school to document actions taken pursuant to the compulsory attendance laws and make periodic reports. Subsection (3) of RCW 28A.225.151 provides that "[a] report required under this section shall not disclose the name or other identification of a child or parent." If juvenile court records relating to truancy were open for public inspection, it would make little sense for the Legislature to direct school districts to protect the identity of truant students and their parents.
We trust the foregoing will be useful to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General